■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. DIXON, Appellant. [743 NYS2d 633] —Mercure, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 28, 2000 and amended July 13, 2000, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant pleaded guilty to the crime of driving while intoxicated as a felony on May 17, 1999 and, at that time, County Court deferred sentencing, placed defendant on interim probation and imposed certain conditions, including that defendant remain at a halfway house for alcoholics and meet regularly with his probation officer. On April 26, 2000, defendant's interim probation officer filed a declaration of delinquency due to defendant's alleged violation of the terms of his interim probation. Further proceedings were held before County Court on May 30, 2000, at which time the court considered the sworn report of defendant's interim probation officer that defendant had failed to report to probation and had left the jurisdiction. On June 28, 2000, the court revoked defendant's interim probation and sentenced him to a prison term of 1½ to 4 years, which the court subsequently amended to 1⅓ to 4 years. Defendant's appeal was held in abeyance and new counsel assigned after this Court determined that there were nonfrivolous appealable issues to be raised (288 AD2d 562).

Initially, defendant contends that he was not timely sentenced within one year of the entry of his guilty plea as required by CPL 390.30 (6). Inasmuch as defendant failed to raise this objection before County Court at the time he was sentenced, his claim is not preserved for appellate review (*see*, *People v Douglas*, 254 AD2d 300, 301, *affd* 94 NY2d 807). In any event, were we to consider it, we would find it to be without merit. While CPL 390.30 (6) requires that a defendant on interim probation be sentenced within one year of the date the conviction is entered, such time period is effectively tolled by the filing of a declaration of delinquency (*see*, Penal Law § 65.15 [2]; *People v Douglas*, 94 NY2d 807, 808; *People v Johnson*, 159 AD2d 725, 726). Here, the declaration of delinquency was filed on April 26, 2000 and a final determination as to the delinquency was not made until June 28, 2000, at which time the court revoked defendant's interim probation and imposed a sentence of imprisonment. Taking into account the two-month tolling period, defendant was clearly sentenced within one year as required by CPL 390.30 (6).

Likewise, we reject defendant's assertion that there was insufficient proof that he violated the terms of his interim probation. The sworn report of the interim probation officer relied upon by County Court indicated that defendant failed to report to probation on April 11, 2000, that defendant's mother told the interim probation officer that he was in a different location and that the interim probation officer had been unsuc-

cessful in locating him as of April 24, 2000. Regardless of whether, as defendant contends, the interim probation officer erroneously related that defendant had left the halfway house, the other omissions outlined in the report provided ample support for County Court's findings. Furthermore, given that County Court specifically advised defendant of his right to a hearing, he may not now claim that he was deprived of this right because he chose not to pursue one.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.