■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENTLEMEN FAULKNER, Appellant. [864 NYS2d 218]—

Malone Jr., J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 9, 2007, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant pleaded guilty to a superior court information charging him with assault in the second degree with the understanding that, as long as he complied with the terms of the plea agreement, he would be sentenced to four years in prison and three years of postrelease supervision. At the time of sentencing, County Court found that defendant had violated the conditions of the plea agreement and, as a result, sentenced him to five years in prison and three years of postrelease supervision. Defendant now appeals.

We affirm. To the extent that defendant contends that County Court's imposition of an enhanced sentence was illegal, although

such a claim is not foreclosed by his waiver of the right to appeal (*see People v Baxter*, 302 AD2d 950, 951 [2003], *lv denied* 99 NY2d 652 [2003]), our review of the record reveals that it is wholly without merit. Despite having been explicitly advised that he was required to answer the Probation Department's inquiries truthfully and in a manner consistent with that which he told the court during the plea hearing, defendant gave the Probation Department an account of his criminal conduct which conflicted with what he had stated in court. As such, County Court was free to impose an enhanced sentence (*see People v Hicks*, 98 NY2d 185, 189 [2002]). As for defendant's assertion that the enhanced sentence was unduly harsh and excessive, his appeal waiver precludes him from making such a challenge where, as here, County Court advised him of the maximum potential sentence for noncompliance with the plea agreement (*see People v Terrell*, 41 AD3d 1044, 1045 [2007]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.