■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN W. TABBOTT, Appellant. [876 NYS2d 760]—

Rose, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered March 25, 2008, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant pleaded guilty to one count of rape in the first degree in full satisfaction of a five-count indictment upon his admission that he had randomly selected a home, entered it in

the early morning hours and raped the victim at knife point in the bedroom where her two young children were sleeping. Pursuant to the plea agreement, County Court sentenced him to 15 years in prison, but failed to impose the five-year period of postrelease supervision prescribed by Penal Law former § 70.45 (2). Defendant eventually moved to vacate his conviction pursuant to CPL 440.10 on the ground that postrelease supervision had not been a part of either his plea or his sentence. When the motion was to be argued, however, the prosecutor informed the court that defendant was withdrawing his motion and had agreed to again plead guilty and waive his right to appeal with the understanding that he would receive the same sentence with the addition of a five-year period of postrelease supervision. Defendant's counsel stated that the repleading and resentencing with a waiver of the right to appeal were acceptable to defendant. Upon defendant's plea allocution and oral waiver, County Court accepted his plea and sentenced him to a 15-year prison term and five years of postrelease supervision. Defendant appeals.

Considering defense counsel's statement on the record as well as defendant's own responses to County Court's questions, we find that defendant effectively abandoned his CPL 440.10 motion, expressly agreed to plead guilty pursuant to a revised plea agreement and was validly sentenced in accordance with that agreement to a 15-year prison term and the minimum permissible period of postrelease supervision (see Penal Law § 70.45 [2-a] [c]).

Our review of the plea colloquy also persuades us that, contrary to defendant's contention, he knowingly, voluntarily and intelligently waived his right to appeal as part of the plea bargain. County Court fully disclosed the separate and distinct right that was being waived and addressed it separately from those rights being forfeited by defendant's guilty plea (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Nason, 31 AD3d 818, 819 [2006], lv denied 7 NY3d 869 [2006]). Defendant's remaining arguments, including his claims that his counsel was ineffective for failing to secure a more favorable sentence and that the sentence imposed is harsh and excessive, are precluded by his appeal waiver (see e.g. People v Morelli, 46 AD3d 1215, 1217 [2007], lv denied 10 NY3d 814 [2008]; People v Conway, 45 AD3d 1055, 1056 [2007], lv denied 10 NY3d 763 [2008]).

Cardona, P.J., Kane, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.