■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BOVE, Appellant. [882 NYS2d 352]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 25, 2008, convicting defendant upon his plea of guilty of the crime of attempted grand larceny in the second degree and criminal possession of a forged instrument in the second degree.

Defendant and a codefendant were charged in a 39-count indictment with numerous theft-related crimes after they, among other things, engaged in a series of fraudulent real estate transactions. In satisfaction of the indictment, defendant pleaded guilty to attempted grand larceny in the second degree as well as criminal possession of a forged instrument in the second degree, and also waived his right to appeal. Under the terms of the plea agreement, defendant was to be sentenced as a second felony offender to 2½ to 5 years in prison for each crime, with County Court reserving decision on whether the sentences would run consecutively or concurrently. County Court, however, warned defendant that if he failed to appear for sentencing or was arrested before then, it would not be bound by the plea agreement and could impose maximum consecutive sentences for the crimes.

Defendant failed to appear in court on the date set for sentencing, allegedly because he had been in an out-of-state hospital the day before and was physically unable to travel to New York due to a heart condition. Sentencing was adjourned for one week and a bench warrant was thereafter issued for defendant's arrest. When defendant finally appeared at sentencing, County Court advised him that he had breached the plea agreement by failing to appear on the original sentencing date. Defendant, in turn, moved to withdraw his plea. County Court denied the motion and imposed an enhanced sentence of 3 to 6 years in prison for each crime, to run consecutively. Defendant appeals.

We affirm. "An agreed-upon sentence may be enhanced if it is

appropriately established that the defendant has violated the conditions of the plea agreement" (*People v Davis*, 30 AD3d 893, 894 [2006], *lv denied* 7 NY3d 847 [2006] [citations omitted]; *see People v Figgins*, 87 NY2d 840, 841 [1995]). Appearance in court on the original sentencing date was clearly made a condition of the plea agreement and defendant's failure to comply with it justified County Court's imposition of an enhanced sentence (*see People v Flanders*, 53 AD3d 866, 866 [2008]; *People v Caines*, 268 AD2d 790, 791 [2000], *lv denied* 95 NY2d 833 [2000]). Notably, County Court afforded defendant the opportunity to put forth a plausible explanation for his initial failure to appear at sentencing (*see People v Goldstein,* 51 AD3d 1271, 1278 [2008], *affd* 12 NY3d 295 [2009]). Although defendant claimed that medical problems prevented him from appearing in court, he failed to provide documentation or other proof establishing that he suffered from a serious medical condition during the relevant time period that rendered him unable to attend. In view of this, County Court could reasonably reject his proffered excuse as unpersuasive (*see People v Thomas*, 56 AD3d 815, 816 [2008]). As for defendant's assertion that the enhanced sentence is harsh and excessive, this claim is precluded by his knowing, voluntary and intelligent waiver of the right to appeal where, as here, County Court informed him of the maximum potential sentence that could be imposed for noncompliance with the conditions of the plea agreement (*see People v Faulkner*, 54 AD3d 1134, 1135 [2008], *lv denied* 11 NY3d 854 [2008]; *People v Terrell*, 41 AD3d 1044, 1045 [2007]).

Defendant's remaining contention, as advanced in his pro se brief, has been reviewed and found to be lacking in merit.

Spain, J.P., Kane, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.