■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD L. DISSOTTLE, Appellant. [893 NYS2d 649]—

Garry, J.

In October 2007, defendant pleaded guilty to attempted burglary in the second degree in satisfaction of a St. Lawrence

County indictment. Under the plea agreement, County Court agreed to place defendant on interim probation for one year, and defendant agreed to complete a drug treatment program. Upon successful completion of interim probation, defendant was to be granted youthful offender status and sentenced to five years of probation. If he did not successfully complete interim probation, however, he was to be sentenced to a determinate prison term of between two and seven years. As part of the plea agreement, defendant waived his right to appeal. Sentencing was initially scheduled for December 2007, but was repeatedly adjourned. In February 2008, defendant was sentenced to one year of interim probation supervision and admitted to the drug treatment program. A month later, he was arrested on a bench warrant after deciding not to remain in the program. The court resentenced him to a two-year period of incarceration. Defendant now appeals.

Defendant asserts that his right to be sentenced without an unreasonable delay after the entry of his plea was violated (*see* CPL 380.30). As the People concede, this claim is not barred by his waiver of the right to appeal (*see People v Campbell*, 97 NY2d 532, 535 [2002]). However, defendant failed to preserve the issue for review by moving to dismiss the indictment or otherwise objecting in County Court to the delay (*see* CPL 470.05 [2]; *People v Cecere*, 39 AD3d 557, 558 [2007], *lv denied* 9 NY3d 873 [2007]; *People v Young*, 283 AD2d 597, 597 [2001], *lv denied* 96 NY2d 909 [2001]; *cf. People v Dixon*, 295 AD2d 699, 700 [2002], *lv denied* 98 NY2d 709 [2002]).

In any event, only unexcusable or unduly long delays violate the statutory directive (*see* CPL 380.30 [1]; *People v Drake*, 61 NY2d 359, 366 [1984]; *People v Arroyo*, 22 AD3d 881, 882 [2005], *lv denied* 6 NY3d 773 [2006]). Here, the preparation of defendant's statutorily-required presentence report accounts for some five weeks of the four months that elapsed between his plea and his sentencing (*see* CPL 390.20 [1]). The remaining delay resulted almost entirely from difficulties encountered in admitting defendant into the drug treatment program, including the unavailability of a bed, problems in obtaining information and signatures from defendant's mother, and defendant's own refusal to sign admission paperwork. Neither the reasons for this delay nor its duration of less than three months is unreasonable (*see People v Drake*, 61 NY2d at 366; *People v Arroyo*, 22 AD3d at 882).

The record does not support defendant's claim that County Court's refusal to release him until a drug treatment bed became available constituted a unilateral modification of his

plea agreement; the availability of a bed was a condition of defendant's release, not of his plea, and was expressly contemplated as such by all parties from the time of his September 2007 arraignment. Nor does the record support defendant's argument that County Court's repeated warnings about the strictness of the drug treatment program were intended to intimidate or discourage him. Both the warnings and the court's decision to hold him until a bed became available were reasonable given defendant's youth, his already extensive drug and criminal history, his previous unsuccessful drug rehabilitation experience, and the fact that he was on leave from a group home at the time he committed his offense.

Defendant also argues that County Court improperly determined that he violated the conditions of his interim probation. Defendant's waiver of the right to appeal did not include this claim (cf. *People v Hoeltzel*, 290 AD2d 587, 588 [2002]). By not objecting before County Court to either the procedure followed by the court or to its conclusion, defendant failed to preserve this issue for our review (see CPL 470.05 [2]; *People v Sander*, 47 AD3d 1012, 1013 [2008], *lv denied* 10 NY3d 844 [2008]; *People v Peterson*, 7 AD3d 882, 883 [2004]). Further, while defendant now claims that he did not leave the drug program and the court improperly relied upon hearsay in deciding that he had done so, he did not make this claim when the court gave him an opportunity to do so. To the contrary, his counsel effectively admitted that defendant had left the program (see *People v Perez*, 35 AD3d 1030, 1032 [2006], *lv denied* 9 NY3d 868 [2007]), arguing that his actions were justified by his dissatisfaction with it. When the court rejected defendant's request to permit him to enroll in a different program and proceeded to resentence him, defendant raised no further objection. The summary hearing was conducted within the court's discretion and was sufficient to permit the conclusion that the information upon which the determination was based was "reliable and accurate" (*People v Outley*, 80 NY2d 702, 712 [1993]). Defendant was afforded a fair opportunity to be heard (see *People v Bove*, 64 AD3d 812, 813 [2009]; *People v Coleman*, 270 AD2d 713, 714 [2000]). The evidence is thus sufficient to support the conclusion that defendant violated the conditions of his interim probation (see *People v Valencia*, 3 NY3d 714, 715-716 [2004]; *People v Dixon*, 295 AD2d at 700-701).

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.