■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD F. SAUCIER, Appellant. [892 NYS2d 684]—

Rose, J.

In satisfaction of a three-count indictment, defendant pleaded guilty to one count of driving while intoxicated and waived his right to appeal. To avoid a prison sentence, defendant had agreed to successfully complete a period of interim probation, the terms of which required him to refrain from using drugs or alcohol and from purchasing alcohol. During the period of that interim probation, the Probation Department reported that defendant had tested positive for marihuana use on two occasions, was observed purchasing beer by a probation officer and was intoxicated during a domestic dispute which required the intervention of law enforcement authorities. County Court accordingly sentenced defendant to a prison term of 1²/₃ to 5 years, and defendant appeals.

We affirm. Defendant's argument that County Court should have conducted a hearing to determine whether he had violated the terms of his interim probation, while not precluded by his

appeal waiver, is unpreserved due to his failure to seek such a hearing or otherwise move to withdraw his plea or vacate the judgment of conviction (*see People v Delayo*, 52 AD3d 1114, 1115 [2008], *lv denied* 11 NY3d 787 [2008]; *People v Kitchens*, 46 AD3d 577, 578 [2007], *lv denied* 10 NY3d 767 [2008]). In any event, although County Court must satisfy "itself that the information upon which it bases the sentence is reliable and accurate," defendant here admitted to using marihuana and conceded that he had relapsed and offered his explanation for such at sentencing (*People v Outley*, 80 NY2d 702, 712 [1993]; *see* CPL 390.30 [6]; 400.10 [3]; *People v Rollins*, 50 AD3d 1535, 1535-1536 [2008], *lv denied* 10 NY3d 939 [2008]). Under these circumstances, County Court did not abuse its discretion in imposing an enhanced sentence without a hearing (*see People v Valencia*, 3 NY3d 714, 716 [2004]; *People v Hope*, 32 AD3d 1115, 1116 [2006]; *People v Dixon*, 295 AD2d 699, 700-701 [2002], *lv denied* 98 NY2d 709 [2002]).

Finally, defendant's appeal waiver—which he does not challenge and which the record reveals to have been knowingly, intelligently and voluntarily entered—precludes his challenge to his sentence as harsh and excessive given that he was informed of the maximum sentence that could be imposed if he did not complete the term of interim probation (*see People v Bove*, 64 AD3d 812, 813 [2009], *lv denied* 13 NY3d 858 [2009]; *People v Faulkner*, 54 AD3d 1134, 1135 [2008], *lv denied* 11 NY3d 854 [2008]).

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.