■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYTWUAN C. MINTER, Appellant. [896 NYS2d 697]—Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 24, 2008 in Albany County, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant pleaded guilty to one count of robbery in the second degree in full satisfaction of a nine-count indictment and multiple uncharged theft-related crimes that he admitted committing. He waived his right to appeal during the plea colloquy and, thereafter, was sentenced in accordance with the negotiated plea agreement to a 13-year prison term followed by five years of postrelease supervision. Defendant appeals.

We affirm. Our review of the record reveals that defendant knowingly, voluntarily and intelligently waived his right to appeal. Indeed, after "[Supreme] Court fully disclosed the separate and distinct right that was being waived and addressed it

separately from those rights being forfeited by [his] guilty plea" (*People v Tabbott*, 61 AD3d 1183, 1184 [2009], *lv denied* 13 NY3d 750 [2009] [citations omitted]), defendant confirmed that he understood the ramifications of waiving his right to appeal and that he had discussed the matter with his attorney (*see People v Lopez*, 6 NY3d 248, 256 [2006]). He then assented to and executed a written appeal waiver in open court (*see People v Gilmour*, 61 AD3d 1122, 1123 [2009], *lv denied* 12 NY3d 925 [2009]; *People v Mosher*, 45 AD3d 970, 970 [2007], *lv denied* 10 NY3d 814 [2008]). Under these circumstances, defendant's appeal waiver is valid and precludes his challenge to the severity of his sentence (*see People v Platero*, 63 AD3d 1446, 1446 [2009], *lv denied* 13 NY3d 861 [2009]; *People v Bunce*, 45 AD3d 982, 985 [2007], *lv denied* 10 NY3d 809 [2008]).

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.