◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. COFFEY JR., Appellant. [910 NYS2d 206]—

Peters, J.P. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered July 20, 2006, convicting defendant upon his plea of guilty of the crime of rape in the first degree (two counts).

In full satisfaction of nine counts charged in two separate indictments, defendant pleaded guilty to two counts of rape in the first degree and waived his right to appeal. Pursuant to the plea agreement, he was to be sentenced to consecutive prison terms of 13 years on the first rape count and 12 years on the second rape count. The terms of the plea agreement also required defendant to cooperate with the Probation Department in its preparation of a presentence report, which included answering its inquiries truthfully and in conformity with his representations to County Court during the plea allocution and accepting responsibility for his actions. County Court advised defendant that, if he failed to abide by the conditions of the plea agreement, the court would not be bound to the sentencing agreement and could impose maximum consecutive sentences for the crimes. When defendant appeared for sentencing, the People indicated, and defense counsel and defendant acknowledged, that defendant failed to comply with those conditions. County Court agreed and sentenced defendant to consecutive prison terms of 20 years on the first rape count and 15 years on the second rape count. Defendant appeals, and we affirm.

Initially, we reject defendant's challenge to the validity of the appeal waiver. After County Court explained the separate and distinct right that defendant was waiving and addressed it separately from those rights forfeited by his guilty plea (*see People v Abrams*, 75 AD3d 927, 927 [2010]; *People v Tabbott*, 61 AD3d 1183, 1184 [2009], *lv denied* 13 NY3d 750 [2009]), defendant affirmed his understanding and counsel fully joined in the waiver. The plea minutes also reflect that, after conferring with counsel, defendant signed a written waiver of the right to appeal in open court and again confirmed his understanding of its legal consequences. Under these circumstances, we are satisfied that defendant's appeal waiver was knowing, intelligent and voluntary (*see People v Glynn*, 72 AD3d 1351, 1352 n [2010], *lv denied* 15 NY3d 773 [2010]; *People v Minter*, 71 AD3d 1335, 1336 [2010], *lv denied* 15 NY3d 754 [2010]).

Defendant's claim that County Court erred in imposing an enhanced sentence, although not foreclosed by his waiver of the right to appeal (*see People v Faulkner*, 54 AD3d 1134, 1134-1135 [2008], *lv denied* 11 NY3d 854 [2008]), is similarly unavailing. A review of the presentence investigation report clearly reveals that, in violation of the express conditions of the plea agreement, defendant gave the Probation Department an account of his criminal conduct which was inconsistent with statements made during the plea allocution and failed to accept responsibility for his actions. Indeed, defendant candidly acknowledged at

sentencing that he violated the plea agreement. Having been fully informed during the plea colloquy of the conditions of the plea agreement and the consequences for noncompliance, County Court's imposition of an enhanced sentence was justified (*see People v Hicks*, 98 NY2d 185, 189 [2002]; *People v Bove*, 64 AD3d 812, 813 [2009], *lv denied* 13 NY3d 858 [2009]; *People v Faulkner*, 54 AD3d at 1135). Although defendant argues that County Court should have first conducted a hearing on the issue, he neither requested a hearing nor moved to withdraw his plea on this ground (*see People v Saucier*, 69 AD3d 1125, 1125-1126 [2010]; *People v Delayo*, 52 AD3d 1114, 1115 [2008], *lv denied* 11 NY3d 787 [2008]). In any event, given that defendant was provided an opportunity to be heard and admitted his violation of the plea agreement, no formal hearing was necessary (*see People v Valencia*, 3 NY3d 714, 715 [2004]; *People v Saucier*, 69 AD3d at 1126).

Defendant's effective assistance of counsel argument is foreclosed by his waiver of the right to appeal since the ineffectiveness alleged does not bear upon the voluntariness of his plea (*see People v Leigh*, 71 AD3d 1288, 1288 [2010], *lv denied* 15 NY3d 775 [2010]; *People v Briggs*, 21 AD3d 652, 653 [2005], *lv denied* 5 NY3d 881 [2005]). Finally, inasmuch as defendant was informed of the maximum potential sentence for noncompliance with the conditions of the plea agreement, his challenge to the severity of the enhanced sentence is likewise barred by his appeal waiver (*see People v Saucier*, 69 AD3d at 1126; *People v Faulkner*, 54 AD3d at 1135).

Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.