# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

881

KA 10-02116

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONNIE DIGGS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a resentence of the Supreme Court, Monroe County (David D. Egan, J.), rendered September 2, 2010. Defendant was resentenced upon his conviction of robbery in the first degree (four counts), robbery in the second degree (three counts), assault in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence pursuant to which Supreme Court added various terms of postrelease supervision (PRS) to the sentence previously imposed on his conviction, following a jury trial, of four counts of robbery in the first degree (Penal Law § 160.15 [2], [4]), three counts of robbery in the second degree (§ 160.10 [1], [2] [a]), and one count each of assault in the second degree (§ 120.05 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). Defendant contends that the over seven-year gap between his original sentencing and his resentencing divested the court of jurisdiction to resentence him pursuant to CPL 380.30 (1) (*see People v Williams*, 14 NY3d 198, 213). Defendant failed to preserve that contention for our review (*see People v Dissottle*, 68 AD3d 1542, 1543, *lv denied* 14 NY3d 799; *People v Cecere*, 39 AD3d 557, 558, *lv denied* 9 NY3d 873), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court