■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRITTAIN J. PURCELLE, Appellant. [966 NYS2d 608]—

Rose, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 20, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant was charged with criminal possession of a weapon in the third degree and he proceeded pro se with the assistance of "shadow" counsel. He eventually reached an agreement whereby he pleaded guilty to the charge and County Court

adjourned sentencing with the understanding that if defendant successfully completed a drug treatment program, the plea would be vacated and the indictment dismissed. County Court warned defendant that if he was arrested or did not complete a drug treatment program, he faced a prison sentence of $3^1/_2$ to 7 years. Defendant was eventually released from jail in order to expedite his ability to gain entry into a drug treatment program, but he was later arrested and incarcerated. After being released again, defendant was arrested again and County Court, after denying his motion to withdraw his guilty plea, sentenced him to a prison term of 3 to 6 years. Defendant now appeals.

We are not persuaded that County Court violated defendant's due process right to be present at all material stages of the proceedings. Although defendant relies on two postplea conferences that were attended by his standby counsel without his presence, the record makes clear that defendant's presence was not required because they dealt only with procedural issues (*see People v Horne*, 97 NY2d 404, 416 [2002]; *People v Horan*, 290 AD2d 880, 884 [2002], *lv denied* 98 NY2d 638 [2002]; *People v Alfieri*, 201 AD2d 935, 935 [1994], *lv denied* 83 NY2d 908 [1994]). Moreover, other on-the-record postplea conferences were held with defendant present regarding the same issues and he was able to meaningfully participate (*see People v Criscitello*, 32 AD3d 1112, 1113 [2006]).

Defendant also contends that County Court abused its discretion in denying his motion to withdraw his guilty plea. He argues that the plea agreement included a promise that County Court would transport him from the local jail to a drug rehabilitation facility and that the court breached the agreement when, instead, it released him. The record reveals, however, that the court's offer to sign a transfer order was not part of the agreement but was merely an effort to accommodate defendant. In any event, the offer became academic once defendant was released, and he never objected to being released prior to making his motion to withdraw the guilty plea almost one year later. Accordingly, we can find no basis to disturb County Court's exercise of its discretion in denying defendant's motion to withdraw his plea (*see People v Pittman*, 104 AD3d 1027, 1027-1028 [2013]; *People v Wilson*, 92 AD3d 981, 981 [2012], *lv denied* 19 NY3d 1029 [2012]; *People v Moreno*, 86 AD3d 863, 864 [2011], *lv denied* 17 NY3d 954 [2011]).

Contrary to defendant's contention, he was afforded an adequate opportunity to dispute his postplea arrests, which were the basis for imposing the enhanced sentence (*see People v Outley*, 80 NY2d 702, 713 [1993]). In fact, defendant candidly

admitted that he had been rearrested and that he continued to use and sell drugs while released (see People v McDevitt, 97 AD3d 1039, 1041 [2012], lv denied 20 NY3d 987 [2012]; People v Saucier, 69 AD3d 1125, 1126 [2010]). Inasmuch as County Court had repeatedly warned defendant that an enhanced sentence would be imposed if he were rearrested, we find no abuse of discretion (see People v Saucier, 69 AD3d at 1126; People v Baez, 67 AD3d 1204, 1204 [2009], lv denied 14 NY3d 797 [2010]; People v Holmes, 67 AD3d 1069, 1071 [2009]).

We have reviewed defendant's remaining contentions and find them to be unavailing.

Lahtinen, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.