McCarthy, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 1, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In March 2011, in satisfaction of a five-count indictment, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree. As part of the plea agreement, County Court informed defendant of his maximum sentence exposure as a predicate felon and agreed not to impose a sentence greater than 3Vs years in prison followed by IV2 years of postrelease supervision. At that time, the court informed defendant before releasing him pending sentencing that, if he were arrested for any reason prior to the sentencing date, the court would no longer be bound by the sentencing commitment. Thereafter, while released awaiting sentencing, *1231 defendant was arrested on new felony drug charges in Warren County. The court ultimately found that defendant violated the terms of the plea agreement and sentenced him, as a second felony offender, to an enhanced prison term of SVa years followed by two years of postrelease supervision. This appeal followed.
Initially, we are unpersuaded by defendant’s claim that County Court failed to conduct an adequate inquiry into defendant’s post-plea arrest before imposing an enhanced sentence. Our review confirms that the court made an inquiry of sufficient depth so as to “be satisfied — not of defendant’s guilt of the new criminal charge[s] but of the existence of a legitimate basis for the arrest on th[ose] charge[s]” (People v Outley, 80 NY2d 702, 713 [1993]; see People v Purcelle, 107 AD3d 1050, 1051 [2013]). Here, after defendant was initially questioned regarding the new arrest, he denied involvement and the court promptly ordered an adjournment in order to find out if this was a “viable arrest” in violation of the plea agreement. At defendant’s subsequent appearance, the court was in receipt of a May 2011 nine-count indictment charging defendant with numerous crimes, including criminal possession of a controlled substance in the third degree. Defendant’s counsel then relayed that defendant entered a “not guilty plea” to the new charges, but also admitted that defendant’s undisputed “arrest alone would be a violation of the plea agreement” and requested leniency as to the sentence. When ask to respond, defendant stated that he agreed with his counsel’s statements. Although defendant maintains that a more formal Outley hearing should have been directed, this claim is unpreserved due to his failure on this record “to seek such a hearing or otherwise move to withdraw his plea or vacate the judgment of conviction” (People v Saucier, 69 AD3d 1125, 1126 [2010]). In any event, it is apparent from the record that the court “imposed the enhanced sentence only after it was sufficiently assured that the information upon which it based the sentence was reliable and accurate” (People v French, 72 AD3d 1397, 1398 [2010], lv denied 15 NY3d 804 [2010]).
Lastly, defendant maintains that the enhanced sentence was harsh and excessive under the circumstances. We disagree. Given defendant’s demonstrated disregard of the no-arrest restriction in the plea agreement, coupled with his criminal history and “the fact that the enhanced sentence was less than the statutory maximum, we find no extraordinary circumstances justifying a reduction of the sentence in the interest of justice” (People v Douglas, 2 AD3d 1050, 1051 [2003], lv denied 2 NY3d *1232 761 [2004]; see People v Clapper, 87 AD3d 1227, 1227-1228 [2011] ; People v White, 24 AD3d 817, 817 [2005]; see also Penal Law § 70.70 [3] [b] [i]).
Lahtinen, J.P, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.