■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE WACHTEL, Appellant. [984 NYS2d 699]—Peters, P.J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), entered March 15, 2013, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to grand larceny in the third degree and waived his right to appeal with the understanding that if he successfully completed a drug treatment program, he would receive a sentence of five years of probation. County Court warned defendant that, if he did not successfully complete the program, the court would impose a term of imprisonment. Defendant executed a written consent to these conditions, as well as others, during the plea proceedings. After defendant failed to report to the program to begin treatment, County Court found that he had violated the terms of the plea agreement and sentenced him to 2⅓ to 7 years in prison. Defendant appeals, and we affirm.

To the extent that defendant challenges the propriety of the enhanced sentence, he did not object during sentencing and never moved to withdraw his plea on this ground. As such, he failed to preserve the issue for our review (*see People v Gilbert*, 106 AD3d 1133, 1133 [2013]; *People v DePalma*, 99 AD3d 1116, 1117 [2012], *lv denied* 20 NY3d 1010 [2013]). Defendant's argument that County Court improperly failed to hold a hearing on the issue of whether he violated the conditions of his plea agreement is similarly unpreserved, as he neither requested such a hearing nor moved to withdraw his plea (*see People v Coffey*, 77 AD3d 1202, 1204 [2010], *lv denied* 18 NY3d 882 [2012]; *People v Forkey*, 72 AD3d 1209, 1210 [2010]; *People v Saucier*, 69 AD3d 1125, 1125-1126 [2010]). In any event, defendant was provided an opportunity to be heard and admitted that he absconded from the drug treatment program (*see People v Dissottle*, 68 AD3d 1542, 1544 [2009], *lv denied* 14 NY3d 799 [2010]).

Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.