■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIL FATE, Appellant. [986 NYS2d 672]—

Garry, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 27, 2012, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to a reduced count of attempted burglary in the second degree and waived his right to appeal. The charges stemmed from a home invasion on December 14, 2011 in which personal property was stolen and sold at a nearby pawn shop. Upon his conviction, County Court sentenced defendant, in accord with the plea agreement, to four years in prison with three years of postrelease supervision. Defendant appeals.

Contrary to defendant's contentions, we find that his guilty plea and appeal waiver were, in all respects, voluntary, knowing and intelligent (see People v Brown, 14 NY3d 113, 116 [2010]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Callahan, 80 NY2d 273, 280 [1992]). While defendant's challenge to the voluntariness of his guilty plea survives the appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]), the record on appeal fails to reflect that it was preserved by an appropriate postallocution motion (see People v Watson, 115 AD3d 1016, 1017 [2014]), and nothing in the plea colloquy "casts significant doubt upon . . . defendant's guilt or otherwise calls into question the voluntariness of the plea" so as to implicate the narrow exception to the preservation requirement (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Wilson, 101 AD3d 1248, 1249 [2012]). In any event, defendant's claims that he was rushed or pressured into entering a guilty plea are belied by the record, which reflects that County Court thoroughly reviewed the specific terms and consequences of the plea agreement and the trial-related rights he would be forgoing, ascertained defendant's understanding thereof, permitted breaks for him to confer with counsel, and elicited that he had not been pressured or promised anything, and had been afforded sufficient time to discuss his case and the plea agreement with counsel and others, including his mother, who was present in the courtroom. Moreover, the court separately explained the right to appeal and distinguished it from the other rights that defendant was forgoing as a consequence of his plea, and defendant confirmed that he understood the appeal waiver and executed a written waiver of appeal in open court and orally agreed to waive his appeal rights (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d at 256-257). To the extent that defendant raises arguments regarding what counsel advised him or investigated, they are not supported by the record before us but, rather, concern matters outside the record and, as such, should be raised in a CPL article 440 motion to vacate the judgment of conviction (see People v Haffiz, 19 NY3d 883, 885 [2012]; People v Morey, 110 AD3d 1378, 1379-1380 [2013]).

Further, since County Court adhered to its sentencing commitment, defendant's challenge to the agreed-upon sentence as harsh and excessive is precluded by his valid appeal waiver (*see People v Lopez*, 6 NY3d at 255-256; *People v Martin*, 105 AD3d 1266, 1267 [2013]). With regard to youthful offender treatment (*see* CPL 720.10, 720.20), the court fulfilled its obligation by considering whether to treat defendant as a youthful offender (*see People v Rudolph*, 21 NY3d 497, 499-501 [2013]; *cf. People v Tyler*, 110 AD3d 745, 746 [2013]) and his "valid waiver of the right to appeal precludes both his claim that [the] [c]ourt improperly denied him youthful offender treatment . . . and his request that we exercise our interest of justice jurisdiction to grant him youthful offender status" (*People v Torres*, 110 AD3d 1119, 1119 [2013], *lv denied* 22 NY3d 1044 [2013]). His assertion that he was promised such treatment is contradicted by the record, which reflects that the court made no such commitment and, instead, stated that it would consider that treatment and exercise its discretion at sentencing. Defendant's remaining claims have been examined and determined to lack merit.

Lahtinen, J.P., Stein and Rose, JJ., concur. Ordered that the judgment is affirmed.