Garry, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 22, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In conjunction with a 278-count indictment accusing more than 30 people of involvement in an enterprise to distribute and sell cocaine, defendant was charged in 10 counts of the indictment with conspiracy in the second degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, attempted criminal possession of a controlled substance in the third degree (five counts) and attempted criminal possession of a controlled substance in the fourth degree. Thereafter, he entered into a plea agreement pursuant to which he would plead guilty to one count of criminal possession of a controlled substance in the third degree, waive his right to appeal and promise cooperation against his codefendants in exchange for a prison sentence of six years followed by three years of post-release supervision. Subsequent to his plea, the Organized Crime Task Force prosecuting the case informed County Court that defendant had failed to fulfill his obligation to cooperate under the plea agreement. Accordingly, the court found the agreement not to be enforceable and thereafter sentenced defendant as a second felony offender to a prison term of 10 years followed by three years of postrelease supervision. Defendant appeals.
We affirm. Initially, we are unpersuaded by defendant’s challenge to the validity of his appeal waiver; County Court adequately informed him that his right to appeal was separate from the other rights automatically forfeited upon a guilty plea, the written appeal waiver he executed in open court similarly informed him of that fact, and he was provided with ample time to confer with counsel to ensure that he fully understood the impact of his waiver (see People v Campbell, 114 AD3d 996, 997 [2014]; People v Osgood, 111 AD3d 1029, 1030 [2013], lv denied 22 NY3d 1089 [2014]). Accordingly, defendant’s challenge to the sufficiency of his plea is foreclosed by his valid waiver of appeal *1327 (see People v Osgood, 111 AD3d at 1030; People v Durham, 110 AD3d 1145, 1145 [2013]). While defendant’s contention that his guilty plea was not knowing, voluntary and intelligent survives his appeal waiver, it has not been preserved for our review, as the record before us does not indicate that he moved to withdraw his plea (see People v Monk, 113 AD3d 999, 1000 [2014]; People v Smith, 112 AD3d 1232, 1232 [2013]). Moreover, the narrow exception to the preservation rule is not applicable as defendant made no statements during the plea colloquy that called into question either his guilt or the voluntariness of his plea (see People v Brabham, 112 AD3d 1066, 1067 [2013]; People v Bressard, 112 AD3d 988, 988-989 [2013], lv denied 22 NY3d 1137 [2014]).
Turning to defendant’s contentions with regard to his sentence, we are unconvinced that County Court imposed the enhanced sentence without making an adequate inquiry into whether or not defendant complied with the cooperation requirement of the plea agreement (see People v Paneto, 112 AD3d 1230, 1231 [2013]; People v Crowder, 110 AD3d 1384, 1385-1386 [2013], lv granted 22 NY3d 1155 [2014]). While a valid appeal waiver typically precludes a challenge to the severity of even an enhanced sentence, the waiver does not foreclose such challenge where, as here, a defendant has not been advised of the maximum potential sentence at the time of the plea (see People v Powers, 302 AD2d 685, 686 [2003]; People v Espino, 279 AD2d 798, 800 n [2001]; see generally People v Edie, 100 AD3d 1262, 1262 [2012]). Nonetheless upon review, we discern no abuse of discretion nor extraordinary circumstances that would warrant a reduction of defendant’s sentence in the interest of justice (see People v Paneto, 112 AD3d 1230, 1231 [2013]; People v Bressard, 112 AD3d at 989).
We have examined defendant’s remaining contentions, including those raised in his pro se brief, and have found them to be without merit.
Peters, P.J., Lahtinen, McCarthy and Devine, JJ., concur.
Ordered that the judgment is affirmed.