*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    105075
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JAMES WAITE JR.,
                    Appellant.
_____

Calendar Date:  June 4, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

_____

        Erin C. Morigerato, Albany, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered October 3, 2011, convicting
defendant upon his plea of guilty of the crime of criminal
possession of stolen property in the fourth degree.

        In October 2009, defendant was indicted and charged with
one count of criminal possession of stolen property in the fourth
degree.  Defendant pleaded guilty to the charged crime in
February 2010 — with the understanding that he would be placed on
interim probation supervision for a period of one year and, if
successful, would receive a sentence of probation.  The matter

then was adjourned for sentencing.[1]  Based upon information contained in the presentence investigation report, County Court ordered that defendant be drug tested.  When defendant was caught attempting to substitute a urine sample and thereafter tested positive for cocaine and opiates, County Court revoked the underlying plea agreement and, in April 2010, sentenced defendant to 1¼ to 3¾ years in prison.

In July 2010, County Court granted defendant's pro se CPL article 440 motion to vacate the enhanced prison sentence and placed defendant on interim probation supervision for one year. In conjunction therewith, defendant was provided with a copy of the conditions of his supervision, which he signed and acknowledged.  Defendant also was advised that if he complied with such terms and conditions, he would be sentenced to five years of probation; if he failed to comply, he would be sentenced to the period of imprisonment previously imposed.  Thereafter, in July 2011, County Court was advised that defendant had violated the conditions of his interim probation supervision by, among other things, failing to report to his probation officer and receiving an "incomplete" discharge with respect to his outpatient addiction treatment, and a bench warrant was issued. When defendant was returned to County Court on the bench warrant in October 2011, he readily admitted that he initially had "a little problem with the outpatient [treatment] thing" and, prior to the expiration of the interim probation supervision, "just stopped going to probation."  As a result, County Court sentenced defendant to a prison term of 1¼ to 3¾ years.  This appeal by defendant ensued.

We affirm.  Defendant initially contends that his plea was involuntary because County Court failed to apprise him of the terms and conditions of his interim probation supervision. Defendant's initial — and ultimately successful — CPL article 440

_____

[1]  Although the plea agreement also contained a waiver of defendant's right to appeal, the People concede that such waiver was invalid.

motion made no mention of this alleged defect,[2] however, and the record does not reflect that, subsequent to the July 2010 court appearance at which such terms and conditions were imposed, defendant moved to withdraw his plea or vacate the judgment of conviction upon this ground.  Accordingly, this issue is not preserved for our review (see People v Musser, 106 AD3d 1334, 1335 [2013], lv denied 22 NY3d 997 [2013]).  In any event, a review of County Court's July 2010 colloquy with defendant reveals that defendant was advised as to the length of his interim probation supervision, executed an acknowledgment of the terms and conditions thereof and was informed that his failure to abide by such conditions would result in the imposition of a prison sentence (see People v Wissert, 85 AD3d 1633, 1633 [2011], lv denied 17 NY3d 956 [2011]).

As to the propriety of the enhanced sentence imposed, to the extent that defendant contends that County Court failed to comply with the provisions of CPL 410.70, we note that those provisions "do not apply where, as here, there has been no sentence of probation.  Indeed, interim probation supervision is imposed prior to sentencing . . . [and, therefore,] the presentence procedures set forth in CPL 400.10 apply" (People v Rollins, 50 AD3d 1535, 1536 [2008], lv denied 10 NY3d 939 [2008] [citations omitted]).  In this regard, although defendant now contends that County Court failed to conduct a sufficient inquiry into the circumstances surrounding his alleged violation of the conditions of his interim probation supervision, thereby depriving him of a meaningful opportunity to respond thereto, the record does not reflect that defendant requested a hearing on this issue or moved to withdraw his plea upon this ground.  Accordingly, this argument is unpreserved for our review (see People v Wachtel, 117 AD3d 1203, 1203 [2014]; People v Paneto, 112 AD3d 1230, 1231 [2013]; People v Stubbs, 75 AD3d 664, 664 [2010]; People v Saucier, 69 AD3d 1125, 1125-1126 [2010]).  In any event, we are satisfied that, consistent with the

_____

[2]  Defendant's CPL article 440 motion was premised upon County Court's failure to inform him that an unsuccessful drug test would void the underlying plea agreement and result in the imposition of a prison sentence.

requirements of CPL 400.10 and People v Outley (80 NY2d 702, 713 [1993]), County Court was possessed of sufficient reliable and accurate information – most notably, defendant's candid admission that he "just stopped going to probation" – to warrant imposition of the enhanced sentence and that, prior thereto, defendant was afforded an opportunity to dispute and/or respond to the alleged violation of the conditions of his interim probation supervision (see People v Wachtel, supra; People v Purcelle, 107 AD3d 1050, 1051 [2013]; People v O'Neill, 76 AD3d 1143, 1144 [2010], lv denied 15 NY3d 954 [2010]; People v Saucier, 69 AD3d at 1126). Accordingly, County Court did not abuse its discretion in imposing the enhanced sentence without first conducting a hearing.

Finally, to the extent that defendant now asserts that he was not timely sentenced within one year of the entry of his guilty plea (see CPL 390.30 [6]), defendant failed to raise any objection in this regard before County Court and, therefore, this issue is not properly before us (see People v Dixon, 295 AD2d 699, 700 [2002], lv denied 98 NY2d 709 [2002]). Defendant's remaining contentions, including his assertion that the sentence imposed is harsh and excessive, have been examined and found to be lacking in merit.

Peters, P.J., Stein, Rose and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court