*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                    105451
                                                          105610

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                               MEMORANDUM AND ORDER

KURTIS D. RALEIGH,
                        Appellant.
_____

Calendar Date:  September 2, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

                        _____


        Jeffrey L. Zimring, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Steven M. Sharp
of counsel), for respondent.

                        _____


Rose, J.

        Appeals (1) from a judgment of the Supreme Court (Lamont,
J.), rendered August 3, 2012 in Albany County, which revoked
defendant's probation and imposed a sentence of imprisonment, and
(2) from a judgment of the County Court of Albany County
(Herrick, J.), rendered August 3, 2012, convicting defendant upon
his plea of guilty of the crime of grand larceny in the fourth
degree.

        Defendant pleaded guilty to attempted reckless endangerment
in the first degree in 2010 and Supreme Court (Lamont, J.)
sentenced him, as a youthful offender, to five years of
probation.  After he was arrested again in 2011, defendant
pleaded guilty to grand larceny in the fourth degree in County

Court (Herrick, J.). County Court expressly conditioned the sentence agreement of a prison term of 1 to 3 years by requiring that defendant remain free of any new arrests or charges prior to sentencing. A violation of probation action was then commenced in Supreme Court (Lamont J.). Defendant admitted the violation and Supreme Court agreed to a prison sentence of 1 to 3 years to run concurrently with the sentence to be imposed by County Court. Thereafter, however, defendant was again arrested on new felony charges. Although Supreme Court ultimately sentenced him to the agreed-upon prison term of 1 to 3 years, it noted that it would leave the decision of whether the sentence would run concurrently or consecutively to County Court in light of the new arrest and charges. Later that same day, County Court sentenced defendant and, having determined that he had violated an express condition of the sentencing commitment, imposed a prison term of 1⅓ to 4 years to run consecutively with the sentence for the violation of probation. Defendant appeals from both judgments.

Defendant's contention that Supreme Court violated its promise to run its sentence concurrently to the sentence imposed by County Court is unpreserved for our review inasmuch as defendant did not move to withdraw his plea to the probation violation, object at Supreme Court's sentencing or move to vacate the judgment of conviction thereafter (see People v DePalma, 99 AD3d 1116, 1117 [2012], lv denied 20 NY3d 1010 [2013]; People v Haynes, 14 AD3d 789, 790-791 [2005], lv denied 4 NY3d 831 [2005]). For its part, County Court did not abuse its discretion by imposing an enhanced sentence as no issue was raised concerning the validity of the postplea charges (see People v Outley, 80 NY2d 702, 713 [1993]; People v Waite, 119 AD3d 1086, 1088 [2014]; People v Bove, 64 AD3d 812, 812-813 [2009], lv denied 13 NY3d 858 [2009]). Finally, having been given youthful offender status after his conviction of the felony of attempted reckless endangerment in the first degree (see Penal Law §§ 110.00, 110.05 [6]; 120.25), defendant was not eligible to be considered a youthful offender for the grand larceny in the fourth degree conviction (see Penal Law § 720.10 [2] [c]).

Lahtinen, J.P., Stein, McCarthy and Devine, JJ., concur.

ORDERED that the judgments are affirmed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court