■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL SMITH, Appellant. [999 NYS2d 276]—

Devine, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered August 22, 2012, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree in full satisfaction of an indictment, a probation violation and an uncharged crime, and waived his right to appeal. Pursuant to the plea agreement, defendant was to be sentenced to four years in prison, to be followed by two years of postrelease supervision. The terms of the plea agreement included the requirement that defendant cooperate with the Probation Department in its preparation of the presentence investigation report, which included answering its inquiries in conformity with his representations during the plea allocution and accepting responsibility for his crime. County Court warned defendant that he could receive an enhanced sentence of up to 12 years in prison if he violated the terms of the plea agreement. At sentencing, defendant acknowledged that he made statements to the Probation Department that were inconsistent with those made during the plea allocution. County Court thereafter found him in violation of the plea agreement and sentenced him, as a second felony offender, to 5½ years in prison, to be followed by two years of postrelease supervision. Defendant now appeals.

We affirm. Contrary to defendant's contention, we find that he knowingly, intelligently and voluntarily waived his right to appeal his conviction and sentence, as the record demonstrates that County Court distinguished the right to appeal from the rights automatically forfeited by his guilty plea and defendant

acknowledged his understanding of the ramifications of the waiver and executed a written waiver in open court (*see People v Fate*, 117 AD3d 1327, 1328 [2014]; *People v Sczepankowski*, 110 AD3d 1115, 1115 [2013]). Defendant's contention that his guilty plea was involuntary, which survives his appeal waiver, is unpreserved for our review inasmuch as the record does not reflect that he made an appropriate postallocution motion (*see People v Lewis*, 118 AD3d 1125, 1125 [2014], *lv denied* 24 NY3d 1003 [2014]; *People v Vandemark*, 117 AD3d 1339, 1340 [2014], *lv denied* 24 NY3d 965 [2014]). Moreover, defendant did not make any statements during the plea allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt so as to trigger the exception to the preservation rule (*see People v Wasley*, 119 AD3d 1216, 1216-1217 [2014], *lv denied* 24 NY3d 1048 [Nov. 25, 2014]; *People v Santiago*, 118 AD3d 1032, 1033 [2014]). To the extent that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea, it also survives his appeal waiver, but is likewise unpreserved for our review in the absence of an appropriate postallocution motion (*see People v Wiley*, 112 AD3d 998, 998 [2013]; *People v Walton*, 101 AD3d 1489, 1490 [2012]).

Contrary to defendant's contention, County Court was justified in imposing an enhanced sentence, inasmuch as defendant admittedly violated an explicit condition of the plea agreement (*see People v Coffey*, 77 AD3d 1202, 1203-1204 [2010], *lv denied* 18 NY3d 882 [2012]; *People v Faulkner*, 54 AD3d 1134, 1135 [2008], *lv denied* 11 NY3d 854 [2008]). Finally, defendant's contention that the enhanced sentence is harsh and excessive is precluded by his waiver of the right to appeal, inasmuch as County Court informed him of the plea conditions and the maximum sentence that could be imposed if he violated the plea agreement (*see People v Thomas*, 81 AD3d 997, 998 [2011], *lv denied* 16 NY3d 900 [2011]; *People v Bove*, 64 AD3d 812, 813 [2009], *lv denied* 13 NY3d 858 [2009]).

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.