### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   April 30, 2015                    105893
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

JESSICA NEITHARDT,
                        Appellant.
_____

Calendar Date:   March 25, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

        Barrett D. Mack, Albany, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Marot
Hanstein, Law Intern), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered March 21, 2013, convicting defendant
upon her plea of guilty of the crime of burglary in the second
degree.

        In satisfaction of a five-count indictment, defendant
pleaded guilty to one count of burglary in the second degree and
waived her right to appeal.  County Court agreed to sentence
defendant to 10 years in prison to be followed by five years of
postrelease supervision and, additionally, to order restitution.
In recognition of the fact that defendant was suffering from
thyroid cancer, the court ultimately imposed a prison sentence of
eight years and otherwise abided by its sentencing promise.
Defendant now appeals.

We affirm.  Contrary to defendant's contention, we find that she knowingly, intelligently and voluntarily waived her right to appeal from the conviction and sentence.  County Court distinguished the right to appeal from those rights forfeited by her guilty plea during the plea colloquy, after which defendant acknowledged her understanding of the ramifications of the waiver and executed a detailed written waiver in open court (see People v Smith, 123 AD3d 1375, 1375-1376 [2014]; People v Fate, 117 AD3d 1327, 1328 [2014], lv denied 24 NY3d 1083 [2014]).

Defendant's further challenge to the voluntariness of her guilty plea survives her appeal waiver but, as she acknowledges, is unpreserved given her failure to make an appropriate postallocution motion (see People v Easter, 122 AD3d 1073, 1073 [2014], lv denied 24 NY3d 1219 [2015]; People v Fate, 117 AD3d at 1328).  While "nothing in the plea colloquy 'casts significant doubt upon . . . defendant's guilt or otherwise calls into question the voluntariness of the plea' so as to implicate the narrow exception to the preservation requirement," defendant argues that the exception is implicated due to a statement that she made at a later court appearance (People v Fate, 117 AD3d at 1328, quoting People v Lopez, 71 NY2d 662, 666 [1988]).  Specifically, when defendant was offered an adjournment of sentencing due to pending cancer surgery, she expressed her understanding that her guilty plea would result in her transfer to the state prison system and the provision of better medical care.  County Court promptly made further inquiry, at which point defendant denied that her plea had been coerced and clarified that she had "taken responsibility for [her] actions" and simply wished to move on.  Under these circumstances, the record establishes that the plea was knowing, intelligent and voluntary (see People v Rodriguez, 262 AD2d 242, 242 [1999], lv denied 93 NY2d 1045 [1999]; People v Triscari, 219 AD2d 859, 859 [1995], lv denied 87 NY2d 908 [1995]).

Lahtinen, J.P., McCarthy and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court