## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 17, 2016                    106985
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                          Respondent,

         v                                    MEMORANDUM AND ORDER

JORDAN C. NEDLIK,
                          Appellant.
_____

Calendar Date:  October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Jay L. Wilbur, Public Defender, Binghamton (Nathan E.
Schwartzman of counsel), for appellant.

        Stephen K. Cornwell Jr., District Attorney, Binghamton
(Stephen D. Ferri of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Broome County
(Pelella, J.), rendered October 29, 2013, convicting defendant
upon his plea of guilty of the crime of grand larceny in the
fourth degree.

        In satisfaction of various charges, defendant pleaded
guilty to grand larceny in the fourth degree as charged in a
superior court information.  Pursuant to the plea agreement,
sentencing was adjourned and defendant was allowed to sign a
contract to participate in a drug court program.  It was
understood that if defendant abided by the conditions of the
contract, which included him completing the drug court program
and not violating the law prior to the final disposition of the

matter, he would be allowed to withdraw his plea and enter a plea to a misdemeanor. After completing the drug court program, but prior to being given an opportunity to withdraw his plea, defendant relapsed on several occasions and was also cited for driving without a license. Defendant thereafter filed a motion requesting that he be allowed to withdraw his plea to the felony charge pursuant to the plea agreement. County Court denied the motion and sentenced defendant pursuant to the felony conviction to time served and five years of probation. Defendant now appeals.[1]

We affirm. Defendant contends that by successfully completing the drug court program, he fulfilled his obligation pursuant to the contract and, therefore, he should have been allowed to plead guilty to a misdemeanor. The record reflects, however, that by signing the contract, defendant affirmed that he "underst[ood] that even after [he] complete[s] drug court [he] must appear at all court dates and avoid further violations of the law until this matter is disposed of finally." Defendant also affirmed his understanding that if he "violate[s] the law prior to final disposition of this matter, the [c]ourt will determine the appropriate sentence for the felony charge." Although defendant successfully completed the drug court program, he subsequently used illegal drugs prior to the final disposition of the matter. Under these circumstances, we cannot conclude that County Court erred in sentencing defendant pursuant to the felony conviction, despite his successful completion of the drug court program (see People v Hicks, 98 NY2d 185, 189 [2002]; People v Coffey, 77 AD3d 1202, 1203-1204 [2010], lv denied 18 NY3d 882 [2012]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

---

[1] On August 5, 2014, defendant admitted to violating the terms of his probation by using Oxycodone and dropping out of a treatment program. County Court revoked defendant's probation and resentenced him to 1⅓ to 4 years in prison.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court