People v Lopez (2018 NY Slip Op 00487)





People v Lopez


2018 NY Slip Op 00487


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

107925

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JASON LOPEZ, Appellant.

Calendar Date: December 13, 2017

Before: Egan Jr., J.P., Devine, Clark, Aarons and Rumsey, JJ.


Paul R. Corradini, Elmira, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered July 17, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In full satisfaction of a multicount indictment and other uncharged crimes, defendant pleaded guilty to one count of attempted criminal possession of a weapon in the second degree with the understanding that he would be sentenced as a second felony offender to five years in prison followed by five years of postrelease supervision. Defendant, who was remanded pending sentencing, thereafter sought an adjournment/furlough in order to visit his terminally ill father in New York City. Although the People opposed defendant's request, County Court granted defendant a one-week furlough — taking great care to warn defendant that, if he was charged with any criminal conduct
before returning to court, arrived one minute late for the scheduled sentencing proceeding or, upon his return, "test[ed] positive for anything," including "alcohol or any illegal drug of any type," the court would impose the maximum prison term of seven years. Defendant subsequently tested positive for alcohol and PCP and, after being afforded an opportunity to review the test results, defendant elected to forgo an Outley hearing. County Court thereafter sentenced defendant as a second felony offender to an enhanced prison term of seven years followed by five years of postrelease supervision. Defendant now appeals, contending that the enhanced sentence imposed was harsh and excessive.
Defendant concedes that his challenge to the severity of his sentence is unpreserved for our review, as he neither objected to the enhanced sentence during the course of the sentencing [*2]proceeding nor moved to withdraw his plea (see People v Garrow, 147 AD3d 1160, 1161-1162 [2017]; People v Wachtel, 117 AD3d 1203, 1203 [2014], lv denied 23 NY3d 1044 [2014]). Although defendant urges this Court to take corrective action in the interest of justice, we discern no basis upon which to do so (see People v Giammichele, 144 AD3d 1320, 1320-1321 [2016], lv denied 28 NY3d 1184 [2017]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.