■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW STERLING, Appellant. [811 NYS2d 212]—

Mercure, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 18, 2003, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

After defendant unlawfully entered a residence in the Village of Monticello, Sullivan County, a felony complaint was filed accusing him of burglary in the second degree. Defendant subsequently signed a written waiver of indictment and consented to be prosecuted by superior court information (hereinafter SCI). The instrument included a waiver of the right to appeal but did not set forth information concerning the date, time and place of the offense, and mistakenly referenced "[b]urglary in the [t]hird [d]egree, a class C felony" as the crime to be charged in the SCI. In fact, the SCI charged defendant with burglary in the second degree, the same crime charged in the felony complaint and to which he ultimately pleaded guilty. County Court thereafter sentenced him, in accordance with the plea agreement and as a second felony offender, to 10 years in prison followed by five years of postrelease supervision. Defendant now appeals.

Defendant argues that the waiver of indictment was ineffective because it inaccurately denominated the charge to which he agreed to plead guilty and did not include the date, approximate time and place of the offense, as required by CPL 195.20. Initially, we note that inasmuch as "[f]ailure to adhere to the statutory procedure for waiving indictment . . . [is] considered jurisdictional, affecting 'the organization of the court or the mode of proceedings,' " a defendant is not precluded by a guilty plea from raising such a challenge (*People v Boston,* 75 NY2d 585, 589 n [1990] [citation omitted]; *see People v Gray,* 86 NY2d 10, 21 [1995]; *People v Libby,* 246 AD2d 669, 670 [1998]; *but see People v Montanez,* 287 AD2d 407, 408 [2001], *lv denied* 97 NY2d 685 [2001]). Upon our review of the record, however, we agree with the People that the use of the word "third" instead of "second" was "due [solely] to a typographical error in the waiver of indictment and defendant was on notice of the true crime to be charged" (*People v McKenzie,* 221 AD2d 743, 744 [1995]). We note that both the SCI and the waiver of indictment correctly indicated that the crime with which defendant was charged is a class C felony (*see* Penal Law § 140.25), whereas

burglary in the third degree is a class D felony (*see* Penal Law § 140.20). Further, the SCI was attached to the waiver of indictment and does contain the required information regarding the date, time and place of the offense charged. Both forms, read together, constitute a single document satisfying the requirements of CPL 195.20 and, thus, the defect did not "affect the 'fundamental . . . mode of [the waiver] procedure' " (*People v Windley [Omar]*, 228 AD2d 875, 876 [1996], *lvs denied* 88 NY2d 991, 997 [1996], quoting *People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]; *see People v Salvalo [Ramirez]*, 286 AD2d 636, 636 [2001], *lvs denied* 97 NY2d 687 [2001]; *People v Santiago*, 240 AD2d 192, 193 [1997], *lv denied* 90 NY2d 910 [1997]).

Defendant's remaining contention is foreclosed by his guilty plea, in which he waived his right to appeal (*see People v Lopez*, 6 NY3d 248, 255-257 [2006]).

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.