■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTHNEIL FLEMING, Appellant. [855 NYS2d 765]—

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 30, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Waiving his right to appeal, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree, with the understanding that he would be sentenced to 2½ to 5 years in prison. At the time of the plea, County Court informed defendant that an enhanced sentence of 3½ to 7 years in prison could be imposed if he did not abide by the conditions of the plea agreement, which included cooperating with the presentence investigation and appearing in court on the scheduled date of sentencing. Defendant admittedly failed to comply with those conditions and, thus, County Court sentenced him to an enhanced term of 3 to 6 years in prison. The court also informed defendant that his waiver of the right to appeal did not bar a challenge to his sentence. Defendant now appeals, challenging the imposition of the enhanced sentence.

Inasmuch as the conditions of the plea agreement—which de-

fendant admittedly violated—did not contravene statutory provisions or public policy, and County Court informed defendant during the plea colloquy of the maximum potential sentence for noncompliance with the conditions, we cannot say that the court erred in imposing an enhanced sentence (*see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Terrell*, 41 AD3d 1044, 1045 [2007]; *see also People v Hicks*, 98 NY2d 185, 188-189 [2002]). Moreover, in our view, the sentence imposed was not harsh and excessive. Accordingly, we affirm.

Mercure, J.P., Peters, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.