■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. HOLMES, Also Known as ROBERT W. HOLMES III, Appellant. [888 NYS2d 662]—

Spain, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered January 14, 2009, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and aggravated driving while intoxicated.

Pursuant to a plea agreement, defendant entered a guilty plea to one count of aggravated unlicensed operation of a motor vehicle in the first degree, a class E felony, and one count of aggravated driving while intoxicated, a misdemeanor. The plea satisfied an eight-count indictment stemming from defendant's arrest in April 2008 for driving without a license in the City of Oneida, Madison County, with a blood alcohol level of .21% and, shortly after his release, his arrest in May 2008 in the Town of Lenox, Madison County, for again driving without a license with a blood alcohol level of .18%. Defendant's license had been revoked in 1998, following a conviction for driving while ability impaired. Under the plea terms, defendant was released on interim probation and, if he cooperated with the Probation Department and he were determined to be an acceptable candidate for probation, and abided by all of the terms and conditions of the plea and his interim probation, he would be sentenced to time served and five years of probation. If he were deemed not suitable for probation, but cooperated with the Probation Department and complied with the conditions and terms of his plea and interim probation, he was promised a sentence cap of one year in jail; however, if he violated any of those conditions, he would be subject to the full sentence of $1^{1/3}$ to 4 years in prison. In addition to violating other terms of the plea agreement, defendant failed to appear on the date scheduled for sentencing and was thereafter arrested on a bench warrant. County Court ultimately imposed a prison term of 1 to 3 years. Defendant now appeals.

To the extent that defendant claims that the plea terms—specifically, County Court's aforementioned sentencing commitment under different scenarios—were not clear, we disagree. The record reflects that he was unambiguously and repeatedly informed that a violation of any of the conditions of his plea and interim probation while awaiting sentencing would be "considered a deal breaker" and he would be bound by the plea, but subject to the maximum sentence of $1^{1/3}$ to 4 years on the E felony, which he indicated he understood.

Further, contrary to defendant's claims, the terms and conditions of his interim probation were plainly spelled out for him during the plea colloquy. Without a doubt, as County Court concluded, defendant's subsequent admitted use of marihuana, his arrest for assaulting his girlfriend, his "no show" for his scheduled alcohol and drug evaluation directed by the Probation Department, his noncooperation with the Probation Department and his failure to appear at sentencing without a credible explanation all constituted flagrant violations of valid plea terms, relieving the court of any sentencing promises. As such, we see no error or abuse of discretion in the court's imposition of an enhanced sentence (see People v Fleming, 50 AD3d 1390, 1391 [2008]; see also People v Hicks, 98 NY2d 185, 188-189 [2002]; People v Figgins, 87 NY2d 840, 841 [1995]). Moreover, given defendant's extensive criminal history, poor performance while on interim probation, lack of remorse, and the very real ongoing danger that he represents to public safety by his pattern of substance abuse and drunk driving, the sentence imposed was not harsh or excessive.

We likewise find that defendant was meaningfully represented by counsel, who made pretrial motions and discovery requests, negotiated a very favorable plea agreement (which defendant himself sabotaged), and made appropriate objections and a successful adjournment request when defendant failed to appear (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Patnode, 60 AD3d 1109, 1111 [2009]). Counsel had no duty, as defendant suggests, to devise an alternate explanation for defendant's nonappearance or to request a violation hearing that would have been futile given defendant's numerous documented or admitted failures. Indeed, defendant expressed satisfaction with counsel when County Court inquired (see People v Dixon, 62 AD3d 1214, 1214-1215 [2009], lv denied 13 NY3d 743 [2009]), and we find no merit to his claims to the contrary raised for the first time on appeal.

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.