# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**789**

**KA 10-00660**

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

JAMES WISSERT, DEFENDANT-APPELLANT.

---

JAMES L. DOWSEY, III, WEST VALLEY, FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered February 1, 2010. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [former (i)]). Contrary to defendant's contentions, he "validly waived [his] right to be prosecuted by indictment and consented to be prosecuted by superior court information" (*People v Schultz*, 258 AD2d 879, 879, *lv denied* 93 NY2d 929; *see Matter of Peterson v Becker*, 72 AD3d 1250, 1252, *lv dismissed* 15 NY3d 816), and the written instrument signed by defendant and the District Attorney satisfies the requirements of CPL 195.20 (*see generally People v Sterling*, 27 AD3d 950, *lv denied* 6 NY3d 898). Also contrary to defendant's contention, the record establishes that the conditions of interim probation and the consequences of violating those conditions were adequately explained to him (*see People v Holmes*, 67 AD3d 1069, 1070-1071). Defendant failed to preserve for our review his further contention that County Court erred in failing to conduct a hearing to determine whether he violated the conditions of his interim probation (*see People v Saucier*, 69 AD3d 1125; *People v Dissottle*, 68 AD3d 1542, 1544, *lv denied* 14 NY3d 799). In any event, we conclude that the court's inquiry into the matter "was 'of sufficient depth' to enable the court to determine that defendant failed to comply with the terms and conditions of his interim probation" (*People v Rollins*, 50 AD3d 1535, 1536, *lv denied* 10 NY3d 939). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that his plea was not knowingly, voluntarily and

intelligently entered (*see People v Mackey*, 79 AD3d 1680), and this case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665).  Finally, to the extent that defendant's contention that he was denied effective assistance of counsel survives his guilty plea (*see People v Bethune*, 21 AD3d 1316, *lv denied* 6 NY3d 752), that contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404).

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court