# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**491**
**KA 16-00069**
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

PHILIP B. MCARTHUR, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered March 18, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal mischief in the third degree (Penal Law § 145.05 [2]). Defendant's challenge to the severity of his sentence is encompassed by his valid waiver of the right to appeal. Although no mention was made on the record during the plea colloquy that defendant was waiving his right to appeal any issue concerning the severity of the sentence (*see People v Peterson*, 111 AD3d 1412, 1412), here the oral waiver was accompanied by a written plea agreement that provided that defendant was waiving his right to appeal his "conviction, sentence, and any proceedings that may result from this prosecution." Moreover, County Court conducted an extensive inquiry that established that defendant had reviewed and understood the written plea agreement, including its waiver-of-appeal provision, had discussed it with his lawyer, and had agreed to its terms, and defendant signed the document in open court during the course of the plea colloquy (*see People v Bryant*, 28 NY3d 1094, 1096; *People v Ramos*, 7 NY3d 737, 738; *cf. People v Bradshaw*, 18 NY3d 257, 264-267). Therefore, defendant may not challenge the severity of the sentence.

Entered: April 28, 2017                      Frances E. Cafarell
                                             Clerk of the Court