■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE W. BUTLER, Appellant. [55 NYS3d 569]—Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered June 8, 2016. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of grand larceny in the second degree (Penal Law § 155.40 [1]). Contrary to the contention of defendant, the oral waiver of the right to appeal and the waiver contained in the written plea agreement establish that he knowingly, intelligently, and voluntarily waived his right to appeal (*see People v McArthur*, 149 AD3d 1568, 1568-1569 [2017]; *see generally People v Lopez*, 6 NY3d 248, 256 [2006]). Defendant's valid waiver of the right to appeal, which specifically included a waiver of the right to challenge "the conviction, sentence, and any proceedings that may result from this prosecution," encompasses his contention that the sentence imposed is unduly harsh and severe (*see Lopez*, 6 NY3d at 255-

256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *cf. People v Maracle*, 19 NY3d 925, 928 [2012]).

Defendant's contention that County Court failed to conduct a sufficient inquiry before determining that he violated the conditions of his interim probation is not preserved for our review (*see People v Wissert*, 85 AD3d 1633, 1633-1634 [2011], *lv denied* 17 NY3d 956 [2011]; *People v Saucier*, 69 AD3d 1125, 1125-1126 [2010]). In any event, defendant's contention is without merit. "[T]he summary hearing conducted by the court was sufficient pursuant to CPL 400.10 (3) to enable the court to 'assure itself that the information upon which it bas[ed] the sentence [was] reliable and accurate' " (*People v Rollins*, 50 AD3d 1535, 1536 [2008], *lv denied* 10 NY3d 939 [2008], quoting *People v Outley*, 80 NY2d 702, 712 [1993]; *see Saucier*, 69 AD3d at 1126). "[T]he court's inquiry into the matter was of sufficient depth to enable the court to determine that defendant failed to comply with the terms and conditions of his interim probation" (*Wissert*, 85 AD3d at 1634 [internal quotation marks omitted]). Indeed, defendant did not dispute the People's allegation that he failed to comply with the condition that he pay restitution to the victim. Present—Centra, J.P., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.