People v Santana (2018 NY Slip Op 00678)





People v Santana


2018 NY Slip Op 00678


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


93 KA 13-01753

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EZEQUIEL SANTANA, DEFENDANT-APPELLANT. 






LORENZO NAPOLITANO, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH R. PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered November 15, 2012. The judgment convicted defendant, upon his plea of guilty, of arson in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of arson in the third degree (Penal Law
§ 150.10 [1]). Defendant contends that he did not validly waive his right to appeal inasmuch as the questions asked of him with respect to the waiver were vague and thus do not demonstrate that he knowingly, voluntarily, and intelligently waived his right to appeal. We reject that contention. The oral and written waiver of the right to appeal obtained during the plea proceeding establish that defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Butler, 151 AD3d 1959-1960 [4th Dept 2017], lv denied 30 NY3d 948 [2017]). Defendant's valid waiver of the right to appeal encompasses his contention that the sentence imposed is unduly harsh and severe (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court