People v Titus (2019 NY Slip Op 02588)





People v Titus


2019 NY Slip Op 02588


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

109607

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANYEL J. TITUS, Appellant.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Mariah S. Foster, Law Intern), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered April 13, 2017, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
Defendant executed a waiver of indictment and was charged in a superior court information (hereinafter SCI) with burglary in the third degree. As part of a global disposition involving that charge, as well as a charge of violation of probation, defendant, as is relevant here, pleaded guilty to attempted burglary in the third degree. He was sentenced as a second felony offender in accordance with the terms of the plea agreement to a prison term of 1½ to 3 years, to run concurrently with the sentence imposed in connection with the violation of probation admission. Defendant appeals.
We agree with defendant's contention that, because there was not strict compliance with the statutory mandates of CPL 195.20, his waiver of indictment is invalid, thereby requiring reversal of the judgment of conviction [FN1]. The plain language of CPL 195.20 requires that a waiver of indictment include the date and approximate time of the charged offense. Although the waiver of indictment and the SCI, when filed together, may be read as a single document in order to satisfy the requirements of the statute, here, neither the waiver of indictment nor the SCI properly indicate the time of the charged offense (see CPL 195.20; People v Busch-Scardino, 166 AD3d 1314, 1316 [2018]; People v Sterling, 27 AD3d 950, 952 [2006], lv denied 6 NY3d 898 [2006]). Moreover, this is not "a situation where the time of the offense is unknown or, perhaps, unknowable" so as to excuse the absence of such information (People v Busch-Scardino, 166 [*2]AD3d at 1316). Accordingly, inasmuch as defendant's waiver of indictment was not procured in strict compliance with the statutory provisions, it is invalid and the corresponding SCI is jurisdictionally defective, thereby requiring vacatur of his guilty plea and dismissal of the SCI (see id.). Based on our holding, defendant's remaining contentions have been rendered academic.
Garry, P.J., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.



Footnotes

Footnote 1: Defendant's jurisdictional challenge is not precluded by his guilty plea and is not subject to the preservation requirement (see People v Zanghi, 79 NY2d 815, 817 [1991]; People v Busch-Scardino, 166 AD3d 1314, 1314 n [2018]; People v Hulstrunk, 163 AD3d 1177, 1178 n [2018]).