People v Jones (2019 NY Slip Op 05236)





People v Jones


2019 NY Slip Op 05236


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

110133

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EDWARD J. JONES, Appellant.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Craig Meyerson, Peru, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered September 13, 2017, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) charging him with rape in the second degree. The charge arose from defendant's conduct on November 9, 2016 when he had sexual intercourse with a 14-year-old female whom he met through the Internet. He pleaded guilty to this charge and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced to four years in prison, followed by 10 years of postrelease supervision. He appeals.
Defendant contends, among other things, that the judgment of conviction must be reversed due to the omission of necessary information in the waiver of indictment and SCI. Specifically, he asserts that neither of these documents sets forth the time of the alleged incident as required by the provisions of CPL 195.20. Preliminarily, we note that "[d]efendant's jurisdictional challenge is not precluded by either his guilty plea or his waiver of the right to appeal, and further, is not subject to the preservation requirement" (People v Hulstrunk, 163 AD3d 1177, 1178 n [2018]). Turning to the merits, the People concede and we agree that the waiver of indictment is invalid and the SCI is jurisdictionally defective for failure to set forth the approximate time of the offense in accordance with CPL 195.20 (see People v Busch-Scardino, 166 AD3d 1314, 1315-1316 [2018]; compare People v Sterling, 27 AD3d 950, 951 [2006], lv denied 6 NY3d 898 [2006]). Accordingly, the judgment must be reversed. In view of our disposition, we need not consider defendant's remaining claims.
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.