People v Alsaaidi (2019 NY Slip Op 05283)





People v Alsaaidi


2019 NY Slip Op 05283


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


505 KA 16-00754

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MOHSIN H. ALSAAIDI, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered September 3, 2015. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony, aggravated unlicensed operation of a motor vehicle in the first degree and refusal to submit to a breath test. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), and refusal to submit to a breath test (§ 1194 [1] [b]). County Court initially imposed a term of interim probation (see CPL 390.30 [6]), but the interim probation was revoked and defendant was sentenced to a term of incarceration.
Defendant failed to preserve his contention that the court failed to provide adequate notice regarding the alleged violations of the term of interim probation (see generally People v Clough, 306 AD2d 556, 556-557 [3d Dept 2003], lv denied 100 NY2d 593 [2003]). Defendant likewise failed to preserve his contention that the court conducted an insufficient inquiry before revoking his interim probation (see People v Butler, 151 AD3d 1959, 1960 [4th Dept 2017], lv denied 30 NY3d 948 [2017]). In any event, those contentions lack merit. The record establishes that, in accordance with the procedure set forth in CPL 400.10 (3), the court "advise[d] [defendant] of the factual contents of any report or memorandum it ha[d] received" regarding the alleged violations of interim probation (id.), allowed defendant to respond to those allegations, and conducted a sufficient summary hearing that "enable[d] the court to determine that defendant failed to comply with the terms and conditions of his interim probation supervision" (People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [2008]; see People v Wissert, 85 AD3d 1633, 1633-1634 [4th Dept 2011], lv denied 17 NY3d 956 [2011]). The court was "not required to conduct an evidentiary hearing to determine the veracity of defendant's excuses" for violating interim probation, and was entitled "not to credit defendant's account of events" (People v Albergotti, 17 NY3d 748, 750 [2011]).
Defendant also contends that his sentence is unduly harsh and severe. Although defendant executed a waiver of the right to appeal as part of a plea bargain for a promised sentence of five years probation, the court later altered the terms of the plea bargain to include a one-year term of interim probation. Defendant reaffirmed his decision to plead guilty in light of the new terms, but he did not execute a new waiver of the right to appeal. Under these circumstances, the waiver executed by defendant does not foreclose defendant's challenge to the severity of his sentence (see generally People v Gordon, 53 AD3d 793, 794 [3d Dept 2008]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court