People v Labadee (2019 NY Slip Op 06889)





People v Labadee


2019 NY Slip Op 06889


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


775 KA 18-00695

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL LABADEE, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered December 19, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We reject defendant's contention that he did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Garrett, 167 AD3d 1586, 1586 [4th Dept 2018]; see generally People v Lopez, 6 NY3d 248, 256-257 [2006]). Contrary to defendant's contentions, the record establishes that County Court " did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea' " (People v Bray, 170 AD3d 1538, 1538 [4th Dept 2019], lv denied 33 NY3d 1066 [2019]; see People v Alfano, 172 AD3d 1920, 1921 [4th Dept 2019], lv denied 33 NY3d 1101 [2019]), and "the court was not required to specify during the colloquy which specific claims survive the waiver of the right to appeal' " (People v Livermore, 161 AD3d 1569, 1569 [4th Dept 2018], lv denied 32 NY3d 939 [2018]). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (see People v McArthur, 149 AD3d 1568, 1568-1569 [4th Dept 2017]; see generally People v Lococo, 92 NY2d 825, 827 [1998]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Defendant contends that his plea was not knowing, intelligent, and voluntary because he simply responded "yes" and "no" to many of the court's questions. That contention is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by the valid waiver of the right to appeal (see People v Pryce, 148 AD3d 1625, 1625-1626 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; People v Simcoe, 74 AD3d 1858, 1859 [4th Dept 2010], lv denied 15 NY3d 778 [2010]). In any event, defendant did not preserve that contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (see Livermore, 161 AD3d at 1570), and this case does not fall within the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court