People v Walley (2019 NY Slip Op 07816)





People v Walley


2019 NY Slip Op 07816


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

109862

[*1]The People of the State of New York, Respondent,
v
Zaquan Walley, Appellant.

Calendar Date: October 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey and Aarons, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered February 7, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree (two counts).
As part of a global disposition, defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of a six-count indictment and also waived his right to be indicted on numerous other charges and pleaded guilty to criminal possession of a weapon in the second degree as set forth in a superior court information (hereinafter SCI). In addition, defendant waived his right to appeal. In accordance with the plea agreement, County Court sentenced defendant, as a second violent felony offender, to prison terms of 11½ years followed by five years of postrelease supervision on each conviction, the sentences to run concurrently. Defendant appeals.
Defendant contends, among other things, that the failure to set forth the approximate time of the offense charged in the SCI, as is required by CPL 195.20, renders the waiver of indictment invalid and the SCI jurisdictionally defective. Notwithstanding the People's contention to the contrary, "we note that . . . failure to adhere to the statutory procedure for waiving indictment . . . is considered jurisdictional, affecting the organization of the court or the mode of proceedings," and, therefore, defendant's jurisdictional challenge to the waiver of indictment and SCI is not precluded by his guilty plea or waiver of appeal and is not subject to the preservation requirement (People v Sterling, 27 AD3d 950, 951 [2006] [internal quotation marks, brackets and citations omitted], lv denied 6 NY3d 898 [2006]; see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Zanghi, 79 NY2d 815, 817 [1991]; People v Jones, 173 AD3d 1569, 1570 [2019]).
Turning to the merits, a waiver of indictment must be executed in strict compliance with CPL 195.20, which specifically requires, as is relevant here, that it set forth the "date and approximate time and place of each offense to be charged in the [SCI]" (see People v Vaughn, 173 AD3d 1260, 1261 [2019]). Although the statutory requirements of CPL 195.20 may be satisfied by reading the waiver of indictment and the SCI as a single document, here, neither document set forth the time of the charged offense (see CPL 195.20; People v Titus, 171 AD3d 1256, 1256-1257 [2019]; People v Busch—Scardino, 166 AD3d 1314, 1315 [2018]). Further, "this is not a 'situation where the time of the offense is unknown or, perhaps, unknowable' so as to excuse the absence of such information" (People v Edwards, 171 AD3d 1402, 1403 [2019], quoting People v Busch-Scardino, 166 AD3d at 1316). Indeed, the felony complaint contains information regarding the time that the offense occurred (see People v Vaughn, 173 AD3d at 1261). We find unavailing the People's assertion that reference in the waiver of the indictment to the underlying felony complaint, which contains the time of the offense, to be sufficient to comply with the clear and simple statutorily-required information. In view of the foregoing, the waiver of indictment and the related SCI are jurisdictionally defective, thereby requiring that the plea be vacated and the SCI dismissed (see People v Edwards, 171 AD3d at 1403; People v Colon-Colon, 169 AD3d 187, 193 [2019], lv denied 33 NY3d 975 [2019]; People v Busch-Scardino, 166 AD3d at 1316). "If warranted, further proceedings may be had on the felony complaints in the appropriate court" (People v Busch-Scardino, 166 AD3d at 1316 [internal quotation marks and citations omitted]). Furthermore, because defendant's conviction was part of a global disposition whereby he also pleaded guilty to an additional charge of criminal possession of a weapon in the second degree in satisfaction of an indictment with the explicit promise of concurrent sentences, and that promise can no longer be kept, his plea in satisfaction of the indictment must also be vacated (see People v Pichardo, 1 NY3d 126, 130 [2003]; People v Titus, 171 AD3d at 1257).
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the judgment is reversed, on the law, superior court information dismissed and matter remitted to the County Court of Schenectady County for further proceedings.