People v Richardson (2023 NY Slip Op 04870)

People v Richardson

2023 NY Slip Op 04870

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

661 KA 22-00456

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACOREY RICHARDSON, DEFENDANT-APPELLANT. 

LEAH R. NOWOTARSKI, PUBLIC DEFENDER, WARSAW (FARES A. RUMI OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered March 23, 2022. The judgment convicted defendant upon his plea of guilty of attempted assault in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and assault in the second degree (§ 120.05 [7]). County Court initially imposed a term of interim probation in accordance with the plea agreement (see CPL 390.30 [6]), but then, following a hearing, revoked defendant's interim probation upon determining that he violated its conditions, and sentenced him to concurrent terms of incarceration, the longest of which is a determinate term of 11 years.
Defendant failed to preserve his contention that imposition of the conditions of his interim probation requiring him to "not be charged with a crime and . . . refrain from violation of any law" deprived him of the presumption of innocence "inasmuch as he did not object to the [conditions] or move to withdraw his guilty plea[ ] or to vacate the judgment[ ] of conviction" (People v Bishop, 198 AD3d 1381, 1382 [4th Dept 2021], lv denied 37 NY3d 1095 [2021]). In any event, those were lawful presentence conditions (see People v Anonymous, 34 NY3d 631, 646 [2020]; People v Reynolds, 27 NY3d 1099, 1101 [2016]; People v Outley, 80 NY2d 702, 713 [1993]).
We reject defendant's contention that the court erred in determining that he violated the terms and conditions of his interim probation, thereby warranting imposition of a sentence of incarceration. Contrary to defendant's contention, the "hearing conducted by the court was sufficient pursuant to CPL 400.10 (3) to enable the court to 'assure itself that the information upon which it bas[ed] the sentence [was] reliable and accurate' " (People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [2008], quoting Outley, 80 NY2d at 712; see People v Koons, 187 AD3d 1638, 1639 [4th Dept 2020]), and the court's inquiry "was of sufficient depth to enable the court to determine that defendant failed to comply with the terms and conditions of his interim probation" (People v Butler, 151 AD3d 1959, 1960 [4th Dept 2017], lv denied 30 NY3d 948 [2017] [internal quotation marks omitted]; see People v Wissert, 85 AD3d 1633, 1633 [4th Dept 2011], lv denied 17 NY3d 956 [2011]). Inasmuch as the court explained the conditions of the interim probation to defendant during the plea colloquy and provided him with a written copy, which he acknowledged and signed, the court acted within its discretion in imposing a sentence of incarceration in accordance with the plea agreement upon finding that defendant failed to comply with the conditions (see People v Mays, 181 AD3d 874, 875 [2d Dept 2020], lv denied 36 NY3d 1058 [2021]; see also Koons, 187 AD3d at 1639; Wissert, 85 AD3d at 1633).
To the extent defendant contends that the sentence imposed is illegal, the contention lacks merit (see generally People v Streeter, 71 AD3d 1463, 1464 [4th Dept 2010], lv denied 14 NY3d 893 [2010]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court