People v Haywood (2026 NY Slip Op 00407)

People v Haywood

2026 NY Slip Op 00407

Decided on January 29, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 29, 2026

CR-22-2341
[*1]The People of the State of New York, Respondent,
vBruce Haywood, Appellant.

Calendar Date:January 2, 2026

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Mackey and Corcoran, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

Appeal from a judgment of the County Court of Warren County (Robert Smith, J.), rendered December 1, 2022, convicting defendant upon his plea of guilty of the crimes of rape in the third degree (three counts) and endangering the welfare of a child.
Defendant pleaded guilty to an indictment charging him with three counts of rape in the third degree and one count of endangering the welfare of a child. County Court agreed to sentence him to no more than eight years in prison, to be followed by no more than 10 years of postrelease supervision. Defendant was warned that the sentence could be enhanced up to 12 years in prison if he did not appear for future court appearances or failed to cooperate with the Probation Department during the presentence investigation, including by not honestly answering their inquiries or giving "some song and dance [about] how [he was] not guilty of these charges." Defendant repeatedly failed to appear for sentencing, including when he was absent after finishing treatment for injuries he sustained in an accident earlier in the day and when he purportedly tested positive for COVID-19 at home and declined to appear despite being directed to do so. He further contradicted his admissions during the plea colloquy in his presentence investigation interview by claiming, among other things, that he had not done anything with the victim and had been threatened by unspecified individuals to plead guilty. At sentencing, County Court denied his application to withdraw his guilty plea and sentenced him to a total of nine years in prison, to be followed by 10 years of postrelease supervision. Defendant appeals, solely challenging the imposition and severity of the enhanced sentence.
We affirm. Defendant's procedural challenges to the imposition of an enhanced sentence are unpreserved because "the record does not reflect that defendant voiced any objection, requested a hearing or moved to withdraw his plea upon this ground" (People v Davis, 199 AD3d 1123, 1125 [3d Dept 2021], lv denied 37 NY3d 1160 [2022]). In any event, as the conditions imposed by County Court "did not contravene statutory provisions or public policy, and County Court informed defendant during the plea [proceeding] of the maximum potential sentence for noncompliance with the conditions, we cannot say that the court erred in imposing an enhanced sentence" given defendant's failure to dispute that he had violated them (People v Fleming, 50 AD3d 1390, 1391 [3d Dept 2008]; see People v Figgins, 87 NY2d 840, 841 [1995]; People v Maclean, 226 AD3d 1178, 1181-1182 [3d Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Bouck, 153 AD3d 1522, 1523 [3d Dept 2017], lv denied 30 NY3d 1017 [2017]). We do not perceive that sentence to be unduly harsh or severe (see People v Wright, 149 AD3d 1417, 1418 [3d Dept 2017]; People v Stocum, 143 AD3d 1160, 1163 [3d Dept 2016]).
Aarons, J.P., Reynolds Fitzgerald, Ceresia, Mackey and Corcoran, JJ., concur.
ORDERED that the judgment is [*2]affirmed.