People v Kameron P.
2026 NY Slip Op 04104
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAMERON P., DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
471 KA 24-00884
Present: Whalen, P.J., Lindley, Ogden, Nowak, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT.

Appeal from an adjudication of the Monroe County Court (Meredith A. Vacca, J.), rendered April 30, 2024. Defendant was adjudicated a youthful offender upon his plea of guilty of robbery in the second degree.
[*1]
It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a youthful offender adjudication based upon his plea of guilty as a juvenile offender of robbery in the second degree (Penal Law § 160.10 [2] [a]). We reject defendant's contention that County Court abused its discretion in refusing to remove the case to Family Court in the interests of justice (see CPL 722.22 [1] [a]; [3]). The decision whether to remove a juvenile offender's case to Family Court is "discretionary and is proper only in exceptional cases" (People v Woods, 143 AD2d 1068, 1068 [2d Dept 1988], lv denied 73 NY2d 898 [1989]; see People v Jacobs, 244 AD3d 1711, 1715 [4th Dept 2025]; see generally Matter of Vega v Bell, 47 NY2d 543, 550-553 [1979]; People v Charles M., 286 AD2d 942, 942-943 [4th Dept 2001]).
Although some of the factors set forth in CPL 722.22 (2) weigh in favor of removal, others do not. We note that defendant forcibly stole a motor vehicle from its owner, who was injured during the course of the robbery, and that defendant led the police on a chase that culminated in a collision and foot chase. Based on our review of the record, we cannot conclude that this is an "exceptional" case warranting removal to Family Court (Woods, 143 AD2d at 1068; see Jacobs, 244 AD3d at 1715).
Defendant further contends that his plea was involuntarily entered and therefore should be vacated because the court did not provide him with the terms and conditions of interim probation during the plea proceeding. Defendant failed to preserve that contention for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction (see generally People v Richardson, 219 AD3d 1697, 1697-1698 [4th Dept 2023], lv denied 40 NY3d 1082 [2023]; People v Morrow, 167 AD3d 1516, 1517 [4th Dept 2018], lv denied 33 NY3d 951 [2019]). In any event, we note that, while a defendant must receive a written copy of the conditions of interim probation "at the time [the defendant] is placed on interim probation supervision" (CPL 390.30 [6]), there is no requirement that the defendant be provided with the written conditions prior to a guilty plea. Here, the court conditionally promised to place defendant on interim probation when he pleaded guilty, but defendant violated the conditions of his release by being arrested on new charges and the court sentenced him to incarceration instead. Thus, the fact that the court failed to provide defendant with the conditions of interim probation is of no moment.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the adjudication.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court